1

2

3

4 **IN THE UNITED STATES DISTRICT COURT**

5 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7 PAUL ROBERSON, et. al,                           CASE NO. CV-F-08-0552 LJO SMS

8            Plaintiffs,                           **ORDER ON DEFENDANTS'**
                                                   **MOTION TO DISMISS**

9       v.

10 DANNY ONTIVEROS TRUCKING,
    et. al,

11
           Defendants.

12 _____/

13        Defendants Danny Ontiveros Trucking and Danny Ontiveros move to dismiss the complaint on

14 the grounds of 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim on

15 which relief can be granted.  Plaintiff Paul Roberson filed an opposition on October 23, 2008.

16 Defendants filed a reply on October 30, 2008. Pursuant to Local Rule 78-230(h), this matter was

17 submitted on the pleadings without oral argument. Having considered the moving, opposition, and reply

18 papers, as well as the Court's file, the Court issues the following order.

19                              **FACTUAL BACKGROUND**

20        Plaintiff Paul Roberson brings this action individually and on behalf of other truck drivers who

21 now work or have worked for defendant Danny Ontiveros Trucking.  Plaintiff alleges that defendants

22 have a policy of requiring its truck drivers to work more than forty (40) hours a week without overtime

23 payment.

24        Plaintiff's complaint contains three claims.  The first claim for relief alleges a violation of the

25 Fair Labor Standards Action ("FLSA"), 29 U.S.C. § 210 et seq. for plaintiff Roberson and other

26 similarly situated.  The second claim alleges violation of California's Unfair Competition law (Bus. &

27 Prof. Code §17200 et seq.)  The third claim alleges violation of the California Labor Code §226,

28 Statutory Penalties for Violation of State Record Keeping.

1

**ANALYSIS & DISCUSSION**

**A.      Motion To Dismiss Standards**

**1.      Rule 12(b)(1)**

A party may challenge the court's jurisdiction over the subject matter of the complaint under Fed.R.Civ.P. 12(b)(1).  A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack jurisdiction either "facially" or "factually."  *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

Defendants contend plaintiff's complaint should be dismissed under F.R.Civ.P. 12(b)(1) to dismiss for lack of subject matter jurisdiction.  Fundamentally, federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994).  The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970).  Limits on federal jurisdiction must neither be disregarded nor evaded.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).

A plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading.  *Thornhill Publishing Co.,* 594 F.2d at 733; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).  A motion to dismiss for want of subject matter jurisdiction may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891.  In such a case, a court may rely on evidence extrinsic to the pleadings and

2

1  resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.),

2  *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989).

3      In this case, defendants' motion to dismiss for lack of subject matter jurisdiction is also a

4  substantive challenge to the complaint.  This Court is mindful that "[a] court may not resolve genuinely

5  disputed facts where "the question of jurisdiction is dependent on the resolution of factual issues going

6  to the merits." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  "Jurisdictional dismissals

7  in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements

8  specified in *Bell v. Hood*." *Roberts v. Corrothers*, 812 F.2d at 1177 (citing *Bell v. Hood*, 327 U.S. 678,

9  682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).  In *Bell v. Hood*, the Supreme Court held that such

10 dismissals are permitted "where the alleged claim under the constitution or federal statutes clearly

11 appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such

12 claim is wholly insubstantial and frivolous." *Roberts v. Corrothers*, 812 F.2d at 1177.

13     **2.    Rule 12(b)(6)**

14     A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which

15 relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A

16 motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that

17 plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v.*

18 *King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46,

19 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.

20 1981).  A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal

21 theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica*

22 *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

23     In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most

24 favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

25 whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*

26 *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

27     "When a federal court reviews the sufficiency of a complaint, before the reception of any

28 evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

On a motion to dismiss, a court may take judicial notice of facts outside the pleadings. *Mack v. So. Bay Beer Distributing, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111, 111 S.Ct. 2166 (1991); *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956). The court may properly look beyond the complaint to matters of public record and doing so does not convert a F.R.Civ.P. 12(b)(6) motion to a summary judgment motion. *Mack*, 798 F.2d at 1282; *see Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979).

**B.      Fair Labor Standards Act**

The FLSA provides that employees in interstate commerce shall be paid at one and one-half times their regular hourly rate for hours over forty in any work week. 29 U.S.C. § 207(a)(1). The FLSA allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated" and is known as a "collective action." 29 U.S.C. § 216(b). Plaintiff's complaint alleges "[j]urisdiction of this federal-law cause of action is conferred upon this Court by 29 U.S.C. §216(b)." (Doc. 1, Complaint ¶2.) Section 216(b) states in relevant part:

> "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

**1.      Federal Question Jurisdiction**

Plaintiff alleges federal question jurisdiction. Federal courts have subject matter jurisdiction for claims "arising under" the U.S. Constitution, treaties, federal statutes, administrative regulations or common law. A case "arises under" federal law within the meaning of the general federal question statute only if the federal question appears on the face of plaintiff's well-pleaded complaint. *Hunter v.*

4

*United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984).

The FLSA allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated." 29 U.S.C. § 216(b). This type of action, known as a "collective action," allows potential class members who are similarly situated to the named plaintiffs to file a written consent with the court to "opt in" to the case. *Morisky v. Public Serv. Elect. and Gas Co.*, 111 F.Supp.2d 493 (D. N.J. 2000).

Here, plaintiff alleges that his, and other similarly situated, claims arise under the FLSA. Plaintiff is pursuing a claim for himself for overtime compensation, and he is also pursuing claims on behalf of others.  The complaint alleges:

> "In the First Cause of Action, **plaintiff, individually** and in an 'opt-in' collective action on behalf of all similarly-situated current and former truck drivers employed by defendants in the State of California (Class 1), **seeks to recover unpaid overtime compensation**, . . ." (Doc. 1 Complaint ¶2) (emphasis added).

Without question, the FLSA is a federal law.  Thus, plaintiff, as an individual, sues under the FLSA for compensation as to his own injuries.  Defendant has not cited any authority for the proposition that the Court is deprived of subject matter jurisdiction when a plaintiff sues for his own injuries under a federal statute.  Nor could defendant. It is not the pleading of the "collective action" which gives the court jurisdiction.  It is the claim for harm by the individual which gives jurisdiction.  For instance, if the Court denied a request for certification of a "collective action," because the class is not similarly situated, the Court would not be divested of jurisdiction.  Jurisdiction remains to resolve individual claims which arise under the FLSA.  As the dispute arises under a federal law, this Court has subject matter jurisdiction.

### 2.    Numerosity

Defendant argues that a collective action is doomed to failure because the size of the collective class will be only 12 truckers.  Defendants request that the Court adopt a rule that a collective action must satisfy the numerosity requirement of class actions pursuant to Fed.R.Civ.P. 23. (Doc. 20, Moving papers p. 7.)  The evidence submitted as to the size of the collective action is extrinsic evidence: the

declaration of defendant Danny Ontiveros.[1]

The FLSA, however, does not impose a numerosity requirement:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by **any one or more employees for and in behalf of himself or themselves and other employees similarly situated**.

29 U.S.C.A. § 216 (emphasis added).

The plain language of the statute does not extend the requirements of Rule 23 class actions to §216 collective actions.  The statute permits "one or more employees" to represent "other employees similarly situated."

Defendants do not cite any authority for the proposition that this Court may alter the statutory language to impose the requirement of numerosity.  The cases defendants rely on, such as *Shushan v. University of Coloarado*, 132 F.R.D. 263 (D.C Col 1990), adopted the approach that the "similarly situated" inquiry is coextensive with Rule 23 class certification.  That approach is but one of several approaches and is not binding on this Court.

As explained in the case of *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001), federal district courts have adopted or discussed at least three approaches to determining whether plaintiffs are "similarly situated" for purposes of § 216(b). Under the first approach, a court determines, on an ad hoc case-by-case basis, whether plaintiffs are "similarly situated."  *Thiessen v. GE Capital Corp*; *Mooney*, 267 F.3d 1102-03 (10th Cir. 2001), *cert. denied,* 536 U.S. 934 (2002).  Under the second approach, district courts have incorporated into § 216(b) the requirements of current Federal Rule of Civil Procedure 23.  See *Shushan v. University of Colorado*, 132 F.R.D. 263 (D.C. Col. 1990). In a third approach, district courts have suggested incorporating into § 216(b) the requirements of the pre-1966 version of Rule 23, which allowed for "spurious" class actions. *See Bayles*, 950 F.Supp. at 1064.

In using the first approach of determined whether members are "similarly situated," the ad hoc case-by-case basis, a court typically makes an initial "notice stage" determination of whether plaintiffs

---

[1] This case is at the early stage of the litigation process.  Discovery has not been scheduled.  While defendants submit evidence in support of their position that only 12 drivers may be potential class members, this Court declines to convert this motion to a summary judgment.  Further, to uncritically accept the one-sided evidence of the potential class size without plaintiff's opportunity to conduct discovery would infringe upon due process.

are "similarly situated." *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D.Colo.1997). In doing so, a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Theissen v. GE Capital Corp*; *Mooney*, 267 F.3d at 1103. (quoting *Bayles*, 950 F.Supp. at 1066). At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated." *See Theissen v. GE Capital Corp*; *Mooney*, 267 F.3d at 1103. The Eleventh Circuit endorsed this "two-tiered" approach to certification of § 216(b) opt-in classes. *See Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (two tiered approach is an effective tool). *Accord Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 680 (D.Kan. 2004) (the court will analyze plaintiff's motion under the lenient "notice stage" standard described above and, in doing so, looks to the substantial allegations in plaintiff's first amended complaint and various affidavits filed by plaintiff.); *Wren v. Regis Inventory Specialists*, 2007 WL 4532218, 5 (N.D.Cal. 2007) (this Court concludes that the appropriate standard for resolving Plaintiffs' conditional certification motion is the more lenient standard that is applied by the majority of courts in addressing this question.) From review of many cases, this two-tier analysis is the most generally accepted. In addition, this is the analysis the Court has employed in prior similar cases.

The Supreme Court has specifically <u>not</u> incorporated Rule 23 requirements into a collective action. In *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173, 110 S.Ct. 482, 487 (1989), the Court resolved whether the trial court had authority to facilitate notice to the members of a collective action. Without resort to Rule 23, the Court held that a district court may use its compulsory process to facilitate notice to members of a collective action. The Court relied upon Rule 83 which authorizes that a court, in any case "not provided for by rule," may "regulate their practice in any manner not inconsistent with" federal or local rules. Rule 23 includes specific procedures for providing notice to potential Rule 23 class members. Fed.R.Civ.P. 23 (" For any class certified . . . the court may direct appropriate notice to the class.") Yet, the Supreme Court did not resort to Rule 23.

If, as defendants argue, the requirements of Rule 23 were incorporated into collective actions, the notice issue could have easily been resolved in *Hoffman-LaRoche* by reference to Rule 23. Given Rule 23's explicit notice requirements, it would have been a simple measure to refer to Rule 23. The

1  Supreme Court, however, did not incorporate Rule 23 requirements into the collective action.

2       There is no compelling authority either reviewed by the Court or cited by the defendant to impose

3  Rule 23 numerosity into a collective action. While a small number of potential members in a collective

4  action may justify a Court's evaluation at the certification or decertification stage, the instant case is not

5  at that point.  Indeed, the Court maintains an interest in managing collective actions in an orderly

6  fashion.   At this stage of the proceedings, however, the requirements for class certification are not

7  before the Court. Since there is no controlling authority for the proposition that a collective action

8  incorporates the Rule 23 requirement of numerosity, the motion to dismiss the collective action

9  allegations is denied.

10 **C.       Second and Third Claims for Relief under State law**

11      In the second claim for relief, plaintiff alleges that the failure to pay overtime compensation as

12 required by 29 U.S.C. §207(a) is a violation of the California Competition Law ("UCL").  UCL prohibits

13 entities from engaging in unfair competition, including unlawful, unfair or fraudulent business practices.

14 In the third claim for relief, plaintiff alleges he is entitled to statutory penalties for defendant's unlawful

15 policy of failing to maintain and provide proper wage statements pursuant to California Labor Code

16 §226(a)(2)(3). Each of the second and third claims for relief are alleged as class actions.  A class for

17 these violations must satisfy Fed.R.Civ.P.23.

18      Defendant argues that the 12(b)(6) motion to dismiss must be granted because plaintiff cannot

19 state a claim for numerosity of the class.  Defendant presents evidence that the total number of potential

20 class members is 12 members.  Defendant argues that 12 does not satisfy the numerosity requirement

21 to support a class action.

22      All class actions under Rule 23 must meet four prerequisites: (1) Numerosity, (2) Commonality,

23 (3) Typicality, and (4) Adequacy of representation. For a class action to proceed, plaintiff has to establish

24 a prima facie showing of each of the elements of Rule 23 (a) prerequisites and the appropriate 23(b)

25 ground for a class action.  *Taylor v. Safeway stores, Inc.* 524 F.2d 263, 270 (10th Cir. 1975).

26      In his opposition, plaintiff acknowledges the lack of numerosity of the class for the second and

27 third claims, based on the evidence submitted by defendant.  Plaintiff therefore does not oppose granting

28 the motion to dismiss and strike the class allegations in the second and third claims.

8

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court partially grants and partially denies the motion:

1.      The motion to dismiss the first claim for relief is DENIED.

2.      The motion to dismiss the class allegations in the second and third claims for relief is GRANTED.

IT IS SO ORDERED.

**Dated:    November 3, 2008**                    /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE